

**ORDERED in the Southern District of Florida on September 20, 2007.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

_____

Tagged Opinion

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                          Case No. 05-38130-BKC-PGH

James M. Coady,                 Chapter 7
     Debtor.
_____/

D.A.N. Joint
Venture III, L.P.               Adv. No. 06-1592-PGH-A
     Plaintiff,

vs.

James M,. Coady,
     Defendant.
_____/

<u>ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER/ REHEAR ORDER</u>
<u>DENYING MOTION TO RECONSIDER/REHEAR ORDER DENYING MOTION FOR</u>
<u>SUMMARY JUDGMENT</u>

**THIS MATTER** came before the Court upon James M. Coady's
("Defendant") Motion to Reconsider/Rehear Order Denying Motion to
Reconsider/Rehear Order Denying Motion for Summary Judgment
("Motion"), wherein the Defendant seeks reconsideration of this

Court's, *Order Denying Defendant's Motion to Reconsider/Rehear Order Denying Motion for Summary Judgment* ("Order").

The Defendant's Motion argues that the Order failed to address the legal issue framed by the Defendant: "that the only transfers which can form the basis for denial of discharge, are transfers of a legal interest in property." *Motion* ¶ 1. However, the Court's Order did address that issue by examining the plain language of the statute. The Court's Order concluded that denial of a debtor's discharge under 11 U.S.C. § 727(a)(2) does not require transfer of a legal interest in property. Given appropriate facts, transfer of a legal interest in property may be sufficient grounds for a section 727(a)(2) denial of a debtor's discharge, however transfer of a legal interest is not the *only* basis for denial of discharge. Concealment of an equitable interest in property may also provide grounds for denial of a debtor's discharge under § 727(a)(2). Section 727(a)(2) states:

> (a) The court shall grant the debtor a discharge, unless--
>
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>>
>>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>>>
>>> (B) property of the estate, after the date of the filing of the petition;

11 U.S.C. § 727(a)(2).

2

The Order noted that § 727(a)(2) does not distinguish between legal and equitable interests. The Order further noted that "property" is not defined in the Bankruptcy Code, however section 541(a)(1) includes within the bankruptcy estate "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Based upon a plain reading of the statutes, the Order determined that a debtor may be denied a discharge for concealment of an equitable interest in property.

Notwithstanding this analysis, the Motion asks the Court to reconsider its Order, seemingly arguing that denial of a debtor's discharge under 11 U.S.C. § 727(a)(2) *requires* a transfer of a debtor's legal interest in property. The Court notes that §727(a)(2) provides for denial of discharge in cases where a debtor "transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed" property with intent to hinder, delay, or defraud a creditor. Section 727(a)(2) uses the disjunctive "or" to distinguish between the acts of transferring and concealing. Thus, the Court is not persuaded that under section 727(a)(2), a transfer is required before there can be a concealment. *See e.g., Rosen V. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993)("What is critical under the concealment provision of § 727(a) is whether there is concealment of property, not whether there is concealment of a

3

transfer").

The Motion asks that the Court address the authorities cited therein. The Motion cited *Lawrence v. Chapter 7 Trustee (In re Lawrence)*, 251 B.R. 630, 641 (S.D. Fla. 2000)(*citing Thompson v. Eck*, 149 F. 2d 631, 633 (2d Cir. 1945)(*citing* 1 Collier on Bankruptcy, 14th Ed. 1940, 1368)) for the proposition "the bankrupt must have some legal interest in the property before he can be charged with its concealment." However, neither *Lawrence* nor *Thompson* states that concealment of an equitable interest in property *precludes* denial of a debtor's discharge pursuant to § 727 (a)(2). In its decision overruling the objection to debtor's discharge, the *Thompson* court noted that the debtor husband gifted his interest in two parcels of real estate to his non-filing spouse "at a time when the [debtor husband] had no creditors." 146 F.2d at 632-31. In this case, the Second Amended Complaint ("Complaint") alleges that a judgment in the amount of $291,140.22 was entered against the Defendant in 1991, and that said judgment remains unsatisfied. The Complaint further alleges that the Defendant has perpetrated a scheme with the cooperation of his wife ("Wife"), whereby Wife holds legal title to substantial economic interests in one or more companies as a "front" for Defendant who works in said companies without remuneration as an allegedly self-described "uncompensated independent contractor." *Complaint* ¶¶ 6 and 8. Unlike *Thompson*, in this case it is alleged that the scheme was

4

effected while there was a judgment outstanding against the Defendant. "Courts have long been concerned over situations where . . . debtors shield their property from the reach of creditors by placing legal title in others - all the while retaining an equitable interest." *Kaler v. Craig (In re Craig)*, 195 B.R. 443, 449 (Bankr. N.D. 1996).

The Court is aware of numerous cases wherein a debtor's discharge was denied based upon a finding that the debtor retained an equitable or beneficial interest in property after the debtor transferred his legal interest. *See e.g., In re Korte*, 262 B.R. 464 (B.A.P. 8th Cir. 2001)(affirming denial of discharge for debtor who continued to use personalty and farming equipment after he transferred and concealed same with actual intent to hinder taxing authorities); *In re Olivier*, 819 F.2d 550 (5th Cir. 1987) (debtors continued use of home after transferring record title to mother in anticipation of personal injury judgment against debtors was a retention of a secret beneficial interest constituting a continuing concealment with "the intent to hinder, delay, or defraud a creditor" for purposes of 11 U.S.C. § 727(a)(2)(A)); *Matter of Kauffman*, 675 F.2d 127, 128 (7th Cir. 1981)("[t]he transfer of title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute a concealment."). However the above cited cases, and others like them, do not foreclose the application of § 727(a)(2)

5

to deny discharge to a debtor based *solely* upon concealment of an equitable interest in property in a case where the debtor might never have had any legal interest in said property.[1]

As to the other authorities cited by Defendant, the citations to *In re Mart*, 87 B.R. 206 (S.D. Fla. 1988) and to Collier's definition of "transfer" are inapposite. The Motion's quotation from *In re Mart* begins, "If, under section 727(a)(2) a transfer is relied on, it must be shown....". *Motion* ¶3(*quoting Mart*, 87 B.R. at 209). However the Complaint does not rely upon a transfer, it alleges a concealment of property, not a transfer of property.

As to the Motion's citation to this Court's decision in *In re Lordy*, the Court notes that the *Lordy* decision was entered after a two day adversary proceeding during which the Court heard the testimony of witnesses, observed the demeanor of witnesses, and examined the evidence presented. It would be improper for the Court to offer an opinion on the quality and quantity of documents produced in the context of a motion for summary judgment or a motion to dismiss. Thus, the instant Motion presents no basis for reconsideration of the Order.

Defendant's initial Motion to Reconsider/Rehear Order Denying Motion for Summary Judgment conceded the existence of factual issues including, but not limited to, whether the Defendant had an

---

[1]This issue may be a matter of first impression for the Court.

equitable interest in his Wife's corporations and in his Wife's home, and whether these interests were concealed from creditors. The Court denied the Motion for Summary Judgment based upon the existence of disputed issues of material fact. This matter is ripe for trial. The Court does not favorably view a motion to reconsider an order denying a prior motion to reconsider. The Court has ruled. Counsel is warned that further unnecessary protraction of this litigation may result in sanctions.

The Court, having considered Debtor's Motion and being otherwise fully advised in the premises, hereby:

**ORDERS AND ADJUDGES** that Debtor's Motion is **DENIED.**

### 

Copies Furnished To:
Kevin Gleason. Esq.
J.T. Haley, Esq.
AUST